649 A.2d 646

Ann McCALLA and Cheryl Curley

v.

Leona M. MURA and Marshall E. Kelley, Jr.

and

Commonwealth of Pennsylvania, Department of Transportation

and

Borough of Jefferson

and

County of Allegheny

Appeal of Commonwealth of Pennsylvania,
Department of Transportation

Mary Louise MILLER and William Miller, her husband,

v.

Leona M. MURA

and

Commonwealth of Pennsylvania, Department of Transportation,
Marshall E. Kelley, Jr. and Borough of Jefferson

and

County of Allegheny

Appeal of Commonwealth of Pennsylvania,
Department of Transportation

Marshall E. KELLEY, Jr.

v.

Leona M. MURA

and

Commonwealth of Pennsylvania, Department of Transportation

and

Borough of Jefferson

and

County of Allegheny

**Appeal of COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION.**

Supreme Court of Pennsylvania.

Argued Sept. 22, 1993.

Decided Nov. 3, 1994.

Ernest D. Preate, Jr., Atty. Gen., Robert T. McDermott, Deputy Atty. Gen., Harrisburg, PA, for appellant.

David R. Helwig, Pittsburgh, for Leona Mura.

David M. Neuhart, Pittsburgh, for County of Allegheny.

Edward P. Zemprelli, Clairton, for Ann McCalla & Cheryl Curley.

Regis M. McClelland, Pittsburgh, for Mary Louise & William Miller.

Carl W. Brueck, Jr., Pittsburgh, for Marshall E. Kelley, Jr.

Gerard J. Cipriani, James B. Cole, Pittsburgh, for Marshall E. Kelley, Jr.

Margaret McLean, Pittsburgh, for Borough of Jefferson.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## *OPINION ANNOUNCING THE JUDGMENT OF THE COURT*

PAPADAKOS, Justice.

This is the appeal of the Commonwealth of Pennsylvania, Department of Transportation (Appellant) from the unreported memorandum opinion and order of the Commonwealth Court affirming the order of the Court of Common Pleas of Allegheny County sustaining the preliminary objections of the County of Allegheny (County) and rejecting Appellant's attempt to join the County as an additional defendant in actions brought by Ann McCalla, Cheryl Curley, Mary Louise Miller and William Miller, her husband, and Marshall E. Kelley, Jr., against Ms. Mura, Mr. Kelley, Appellant, and the Borough of Jefferson.

The facts that gave rise to these actions are that on August 28, 1978, at approximately 4:20 p.m., Leona Mura was driving her car with passengers, Ann McCalla (in the front right passenger seat) and Cheryl Curley (in the back seat behind Mura), when she stopped at a stop sign at the intersection of Scotia Hollow Road, (a road located in Jefferson Borough and

maintained by the County) and Route 51, a road maintained by the Department of Transportation, Appellant. As Mura turned left from Scotia Hollow Road onto Route 51 with intentions of crossing the two southbound lanes and proceeding onto the northbound lanes, her vehicle was struck by a car driven by Marshall E. Kelley, Jr., who was travelling in the passing lane going south on Route 51. The impact of the collision with Mura's vehicle sent Kelley's car across the center line of Route 51 into the northbound lanes where he collided with a northbound vehicle driven by Mary Miller.

As a result of these three collisions, passengers McCalla and Curley suffered various head injuries, fractures, neck, spine, leg and pelvic contusions and abrasions and consequent shock, trauma and pain. Mrs. Miller also suffered head and facial lacerations, a concussion, fractured ribs, various internal injuries and shock, pain and suffering. Kelley suffered neck, back, spine and knee injuries along with various body lacerations, abrasions and contusions. McCalla, Curley, Miller and Kelley filed suits against Mura, which were consolidated into three cases. Mura denied liability and joined Appellant in each action alleging that its design and maintenance of Route 51 was the cause of these accidents. Appellant attempted to join the County as an additional defendant and argued that its defective design of traffic control devices for the intersection of Scotia Hollow Road with Route 51 was the proximate cause of the accidents. The County filed preliminary objections to its being joined contending that it did not have a common law or statutory duty to erect any particular type of traffic control device at that location and, therefore, could not be liable to any of the plaintiffs or defendants in these actions. The Honorable Bernard J. McGowan, of the Court of Common Pleas of Allegheny County, agreed and sustained the preliminary objections. The Commonwealth Court affirmed, 141 Pa.Cmwlth. 710, 595 A.2d 796, and we granted further review to examine these lower court holdings in light of our recent decision in *Bendas v. White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992), and, now, we reverse.

Appellant argues that, because of the County's defective design and maintenance of Scotia Hollow Road for vehicular traffic in relation to Route 51, it is exposed to liability. Appellant additionally asserts that governmental immunity is not applicable in this case because of the provisions of the Political Subdivision Tort Claims Act,[1] 42 Pa.C.S. Section 8542(b)(6)(i), which provides for a waiver of immunity regarding streets. That section reads as follows:

(b) *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability of a local agency:

(6) Streets.—

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

The trial court and the Commonwealth Court agreed that for the County to be held responsible in these actions, Appellant had to establish that the County owed a duty to the injured parties and that the duty gave rise to a cause of action which fell within one of the exceptions to governmental immunity contained in Section 8542(b).

Appellant has maintained, and continues to do so before us, that the County has a duty of care to those using its real estate (specifically Scotia Hollow Road), such as to require that the condition of the road allows for safe entry onto Route 51 and its failure to do so, caused the injuries to the plaintiffs in these cases. The Commonwealth Court rejected this argument and concluded that its holding in *Bendas v. White Deer*, 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990), was controlling wherein it held that a township did not have such a

1. Act of October 5, 1980, P.L. 693, No. 142, § 221(*l*), as amended. 42 Pa.C.S. § 8541 et seq.

duty. In that case the specific defect was the alleged failure to erect traffic control devices. The Court explained that there was no mandatory duty to erect such devices, but that once a township decided to exercise its discretion to erect a device, the township could be found negligent for failing to maintain the device. Further review in that case was denied here (*Bendas v. White Deer*, 526 Pa. 639, 584 A.2d 321 (1990)), although we did accept further review in a companion case involving the duty of a Commonwealth agency under similar circumstances. *Commonwealth v. Bendas*, 131 Pa.Commonwealth Ct. 488, 570 A.2d 1360 (1990), appeal granted as *Bendas v. White Deer*, 527 Pa. 651, 593 A.2d 423 (1991).

We affirmed the Commonwealth Court and reaffirmed the principle that Commonwealth agencies owe a duty of care to those using its real estate, such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used, citing our decision in *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989). We also determined, however, that the failure to exercise that duty may create a "dangerous condition" to the Commonwealth's real estate, highway or sidewalk, and expose the Commonwealth to liability under an exception to the Sovereign Immunity Act,[2] 42 Pa.C.S. Section 8522(b)(4) and most importantly decided that the question of what constitutes a "dangerous condition" is one of fact for a jury to decide. *Bendas v. White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992).[3]

While our decision in *Bendas* was based on an interpretation of the Sovereign Immunity Act, a similar provision in the Political Subdivision Tort Claims Act is implicated here and we have already indicated that because of their similarity the two statutes are to be interpreted consistently. *Crowell v. Philadelphia*, 531 Pa. 400, 410 n. 8, 613 A.2d 1178, 1183 n. 8

**2.** Act of October 5, 1980, P.L. 693, No. 142, § 221(*l*) as amended. 42 Pa.C.S. § 8521, et seq.

**3.** Our reported name of the case which the Commonwealth Court reported as *Commonwealth v. Bendas, supra.*

(1992); see also *Snyder v. Harmon*, 522 Pa. 424, 435 n. 7, 562 A.2d 307, 312 n. 7 (1989).

Applying these principles to the case before us leads us to conclude that the County does have a duty to make its highways reasonably safe for their intended purpose, and since the question of what is or is not a dangerous condition must be answered by a jury, the County's preliminary objections should not have been granted and the trial court erred in so doing. Additionally, to the extent that the Commonwealth Court relied on its decision in *Bendas v. White Deer*, 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990), in determining the issues in this appeal, it erred and we specifically disavow the rationale employed therein.

The order of the Commonwealth Court is reversed and this case is remanded to the Court of Common Pleas of Allegheny County for further proceedings.

LARSEN, J., did not participate in the decision of this case.

FLAHERTY, J., files a concurring and dissenting Opinion in which NIX, C.J., joins.

CAPPY, J., files a dissenting Opinion in which ZAPPALA, J., joins.

MONTEMURO, J., is sitting by designation.

FLAHERTY, Justice, concurring and dissenting.

I have grave reservations about the court's holding. Although it appears simple, it presages profound egregious consequences.

The accident in this case occurred at the intersection of state route 51 and Scotia Hollow Road, a county road. Route 51 is a four-lane, north-south highway and Scotia Hollow Road is a two-lane east-west roadway. At the intersection, eastbound traffic on Scotia Hollow Road is controlled by a stop sign. The Mura vehicle stopped at the stop sign, then attempted a left turn across two southbound lanes of Route 51 to enter the northbound lanes of Route 51. The Mura vehicle

collided with the southbound vehicle of Kelley before reaching the northbound side of Route 51. Allegheny County, responsible for Scotia Hollow Road, is alleged to be negligent in the design, construction, and maintenance of its roadway.

In *Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992), we held that the exception to the Sovereign Immunity Act which imposes liability on the Commonwealth for allowing a dangerous condition on Commonwealth real estate and highways, 42 Pa.C.S. § 8522(b)(4), raises a jury question as to what constitutes a dangerous condition. Thus summary judgment was deemed inappropriate when the Commonwealth raised the defense of sovereign immunity in the face of alleged negligence in design and maintenance of an intersection on a state highway. *Id.* The statutes governing sovereign immunity, 42 Pa.C.S. § 8521 *et seq.*, and governmental immunity, the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 *et seq.*, are to be interpreted consistently. *Crowell v. City of Philadelphia*, 531 Pa. 400, 410 n. 8, 613 A.2d 1178, 1183 n. 8 (1992); *Snyder v. Harmon*, 522 Pa. 424, 435 n. 7, 562 A.2d 307, 312 n. 7 (1989). Therefore, the governmental immunity of the County of Allegheny in this case is waived if a jury determines that the county allowed a dangerous condition on a street in its jurisdiction, pursuant to 42 Pa.C.S. § 8542(b)(6)(i).

I fear that the court is relegating to the jury what is appropriately a legislative function. The jury would be empowered to dictate significant alterations and additions to the infrastructure with no concomitant accountability for financing. I doubt this was the intent of the legislature in waiving sovereign and governmental immunity as to dangerous conditions on the highways.

The statutory section waiving sovereign immunity makes the Commonwealth liable for a "dangerous condition of . . . highways," 42 Pa.C.S. § 8522(b)(4), and the section waiving governmental immunity does so for a "dangerous condition of streets," 42 Pa.C.S. § 8542(b)(6)(i). We held that a "dangerous condition" might include negligent failure to erect a traffic control device. *Bendas, supra.* That, to me, should be the

outer limit of the scope of the duty of the Commonwealth or political subdivision. I would interpret "dangerous condition of streets" and "dangerous condition of highways" to mean the condition of *existing* streets and highways and absolutely exclude consideration of streets, highways, roadways, parkways, expressways, ramps, overpasses, underpasses, detours, and interchanges which might have been, but were not, built.

In this case, the allegations go far beyond what the statute contemplates. This is not a case of failing to maintain a stop sign once provided, or even a case of failing to provide a traffic signal where safety required; the complaint against the county in this case alleges negligence for improper *design* and *construction* of Scotia Hollow Road, for failing to provide a detour route, for failing to prohibit egress from Scotia Hollow Road to Route 51, for permitting left turns onto Route 51, for failing to *design* and *construct* a *ramp* or *overpass* at Route 51, and for failing to implement other proper *engineering* endeavors. Thus jurors are invited to consider the most radical and costly remedies to reduce the peril inherent in motor vehicle transportation. I believe these are legislative or political factors, not jury questions.

The breadth of the factors which would be relevant to assessment of whether or not a governmental unit should have constructed a ramp or overpass—considerations of engineering, traffic studies, probability analysis, architecture, environmental impact, construction, design, financing, and taxation—would necessarily involve expert testimony, unnecessarily overcomplicating the garden-variety auto accident case, and, more important, interject the jury into a process more appropriately conducted in the political forum. I believe the executive and legislative branches, with political and fiscal accountability, should have sole authority to determine what streets and highways should be made and provided.

I therefore concur in the result insofar as it rejects the county's preliminary objections on the basis of governmental immunity; the county has a duty to maintain its roadways in a reasonable manner. I would, nevertheless, unequivocally pre-

536

clude any consideration of roadways which exist only in the mind of the appellant.

NIX, C.J., joins this opinion.

CAPPY, Justice, dissenting.

I dissent, and would affirm the decision of the Commonwealth Court.

I agree with the conclusion of the Majority that the County of Allegheny has a duty to make *its* highways reasonably safe for their intended purpose. *Commonwealth v. Bendas,* 531 Pa. 180, 611 A.2d 1184 (1992). However, I cannot agree that the County had such a duty in this instance. The collision did not occur on a highway owned or maintained by the County, but rather, occurred on a state highway. Moreover, the allegations of the complaint concern access to a state highway from a local highway, and the regulation of the flow of traffic onto a state road is beyond the authority of the County absent the consent of PennDOT. 75 Pa.C.S. §§ 6122, 6124; 67 Pa.Code § 211.6.

ZAPPALA, J., joins this dissenting opinion.