## Hamilton v. City of Altoona

C.P. of Blair County, no. 95 CP 921.

*Marcia Cooper,* for plaintiffs.
*Joel Kormanski,* for defendant.

CARPENTER, *J.,* December 29, 1995—This matter comes before the court for resolution of preliminary objections filed by both the defendant City of Altoona and defendant Steuben Civils d/b/a Odie Demolition. Briefs have been filed by all of the parties, and the matter was orally argued before the court on November 27, 1995, so that it is presently ripe for disposition.

We begin our analysis with the preliminary objections raised by the City of Altoona. This requires only discussion of defendant city's demurrer/motion to strike since we agree that plaintiffs' complaint fails to fall within any of the exceptions to 42 Pa.C.S. §8541 et seq. and, as such, plaintiffs' complaint must be dismissed as to the City of Altoona.

Plaintiffs argue that the real property exception should apply in this case. This exception states:

"(b) Acts which may impose liability—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(3) Real property—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury by a person intentionally

trespassing on real property in the possession of the local agency." 42 Pa.C.S. §8542(b)(3).

We find the case of *Finn v. City of Philadelphia,* 165 Pa. Commw. 255, 645 A.2d 320 (1994) dispositive. In that case, the Commonwealth Court in discussing the real estate exception opined as follows:

"Similarly, in cases involving the real estate exception to sovereign immunity, liability can be imposed on the government entity only if the plaintiff's injury is caused by a defect of the real estate itself. We emphasize, however, that the substance or thing which causes the injury need not emanate from the real estate itself. Liability may be imposed on a government entity in instances where the defective design, construction, or condition of the real estate itself results in an unnatural accumulation of a substance or thing which itself creates the hazardous condition leading to the injury." *Id.* at 263, 645 A.2d at 325.

Under the test enunciated in *Finn,* we ask ourselves two questions. First, can the defect alleged in the case before the court be characterized as of the real estate itself. Second, if it cannot be so characterized do the facts of the case before the court suggest that the defective design, construction, or condition of the real estate itself resulted in an unnatural accumulation of a substance or thing which itself created the hazardous condition leading to the injury.

In the case sub judice, plaintiffs allege that the City of Altoona's negligence which renders the real estate exception applicable involves the negligence of the city in "allowing the property to remain in a defective condition so that a fire could start" causing the plaintiffs to suffer damages to their property. (Plaintiffs' complaint, paragraphs 10 and 11.) At oral argument, plaintiffs conceded that their specific theory is that the fire (which started in a building which was being demolished on city property) spread to plaintiffs' premises because

of an accumulation of debris placed at the rear of the property by the contractor who was conducting the demolition. Under this theory, we are satisfied that we are required to dismiss plaintiffs' action of liability against the city.

This is true because neither part of the *Finn* test is met. Clearly, the accumulation of debris at the rear of the premises was not a condition *of* the real estate. Rather, it was a condition *on* the real estate so that liability cannot attach under the general rule. Since that is true, we next ask ourselves whether a defective design, construction, or condition of the real estate itself resulted in the accumulation of garbage and debris which itself created the hazardous condition leading to the injury. Again, it is clear it did not. In fact, the design, construction, or condition of the real estate itself had no bearing on the accumulation of debris. This accumulation was entirely the responsibility of people and did not relate in any way to the design, construction, or condition of the real estate. In short, *the real estate itself had nothing to do with the accumulation of debris at the rear of the property.*

Finally, in the interest of completeness our reading of *McCalla v. Mura,* 538 Pa. 527, 649 A.2d 646 (1994), cited by plaintiffs, leads us to conclude that, as plaintiffs were not "users of the real estate in question," this case is distinguishable on its facts from the instant case and, as such, cannot expand the *Finn* test. Accordingly, as to the City of Altoona, this action is necessarily dismissed.

We next turn to the objections filed on behalf of Steuben Civils, individually, and d/b/a Odie Demolition. We find them meritorious and will require an amended complaint. It is clear from paragraph 10 of plaintiffs' complaint that they are alleging the negligence of the

defendants caused the fire to "spread to the premises located at 437 Fourth Avenue, Altoona, Blair County, Pennsylvania." (See plaintiffs' complaint, paragraph 10.) Since their theory of liability is clear, plaintiffs should be able to plead at this juncture those specific codes, ordinances, and statutes which may have been violated by defendant Odie.

With respect to defendant Odie's second objection, we believe that the complaint must be amended to state damages in excess of the jurisdictional limit for a jury trial. We are inclined to agree that in the interest of judicial economy these claims should be allowed to be tried together. Even defendant Odie conceded that he did not want four separate lawsuits filed. Accordingly, we will order the filing of an amended complaint setting forth the damages of the plaintiffs individually. Should any of the plaintiffs meet the $25,000 threshold (as we understand Judith Hamilton's claim will) we will permit this matter to go forward believing that defendant Odie has, in fact, consented to the same per the oral argument. If that is not the case, defendant Odie may object to the amended complaint.

Accordingly, we enter the following order:

## ORDER

And now, December 29, 1995, it is ordered, directed, and decreed that:

(1) The City of Altoona is dismissed as a defendant to this action.

(2) Plaintiffs shall file an amended complaint within 30 days in compliance with this opinion in terms of specificity as well as pleading the proper jurisdictional limit setting forth the claims of the respective plaintiffs in such a fashion that it is ascertainable that the jurisdictional limit is reached to entitle plaintiffs to a jury trial.