Douglas H. WOLFE, by his parents and natural guardians, Marc R. WOLFE and Lauren N. Wolfe, Appellants,

v.

STROUDSBURG AREA SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 13, 1996.

Decided Feb. 3, 1997.

George W. Westervelt, Jr., Stroudsburg, for appellants.

Edward A. Monsky, Scranton, for appellee.

Before SMITH and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Douglas H. Wolfe (Douglas), a minor, by his parents Marc R. and Lauren N. Wolfe, appeals from an order of the Court of Common Pleas of Monroe County which granted a motion for summary judgment filed by the Stroudsburg Area School District (School District). The issue, as stated by the Wolfes, is whether the trial court erred in granting the School District's motion for summary judgment, where it is clear that the real property exception to governmental immunity applies because immunity has been waived and because the Wolfes' complaint properly pleads both a design defect and a dangerous

condition, which raise factual issues for the jury.

On February 2, 1995, the Wolfes filed a personal injury action against the School District on behalf of their minor son. The Wolfes' complaint alleged that on November 15, 1993, at approximately 1:50 p.m., Douglas, a sixth grade student in health class at the Stroudsburg Middle School, was instructed to sit or kneel on the floor to watch a video. Upon returning to his seat and rolling up the left leg of his pants, he discovered that the blade of an "Exacto" knife had .become embedded just below his knee. Douglas sustained injuries in the nature of a puncture wound and laceration of the left knee.

In Paragraph 7 of their complaint, the Wolfes alleged that Douglas' injuries were the direct, legal and proximate result of negligence on the part of the School District, its agents and employees, acting within the scope of their employment, in failing to inspect, clean and maintain the classroom in which Douglas was injured in a reasonably safe condition, allowing a dangerous condition to exist and failing to warn about it and failing to properly design and construct the school building. The complaint specifically alleged:

(1) it designed and constructed a classroom with carpeted floors which provided a hiding place for sharp objects such as the Exacto knife blade by which Douglas H. Wolfe was injured;

(2) in [sic] failed to design and construct a classroom with floor material which would permit dangerous objects to be found and retrieved prior to causing injury to students and staff. . . .

Wolfes' Complaint, pp. 3–4.

In response, the School District filed an answer and new matter asserting that it was immune from liability for Douglas' injuries pursuant to the governmental immunity provisions set forth in Sections 8541–8542 of the Judicial Code (Code), 42 Pa.C.S. §§ 8541–8542. Following the close of the pleadings, the School District took the depositions of Douglas and of his father. Douglas described the incident and the medical treatment received for the wound to his knee. His father testified about a conversation with

the school principal, who stated that the area where Douglas was injured was a multi-purpose room, which had been used for an art class or art project before the health class and that the school had taken cautionary measures while using the "Exacto" knife blades. The teacher in charge of the area during the art class had collected the knife blades in an envelope and was aware that one blade was missing.

Based on these depositions, the School District filed a motion for summary judgment on the ground that it is not liable for injuries resulting from faulty or inadequate supervision of students using "Exacto" knives and that the Wolfes' claim does not fall within the real property exception to governmental immunity, as set forth in Section 8542(b)(3) of the Code, 42 Pa.C.S. § 8542(b)(3). Section 8542(b) provides in relevant part:

(b) **Acts which may impose liability.—** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) *Real property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

■ The trial court noted that the facts in the case were not in dispute and that the Wolfes introduced no evidence, expert or otherwise, to support their contention that the design of the classroom was defective. As a result, the trial court determined that the source and cause of the injury was the careless and negligent conduct of an unknown individual who left the knife blade on the classroom floor.[1] The trial court found that the knife blade had not always been present on the carpet and was not a defect of the

carpeted floor itself. At most, the carpet may have merely facilitated the injury. The trial court granted summary judgment on the ground that the Wolfes had not stated a claim within the real property exception.

■ This Court's scope of review of a grant or denial of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Bullard v. Lehigh–Northampton Airport Authority,* 668 A.2d 223 (Pa.Cmwlth. 1995). Summary judgment is only appropriate where, after examining the record, i.e., the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, in the light most favorable to the non-moving party, the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.*; *see also* former Pa. R.C.P. No. 1035(b).[2] Consequently, this Court must determine whether the Wolfes have stated a claim that falls within the real property exception to governmental immunity.

■ The Wolfes contend that the trial court erred in granting the School District's motion for summary judgment because the complaint sufficiently pleads a cause of action within the real property exception. They maintain that the allegations of design defect have, at the least, raised a question for the jury as to whether the carpeted floor itself constituted a dangerous condition of the real estate. The complaint alleges that the carpet was defective insofar as it made it difficult to locate the knife blade, a foreign object. To support their position, the Wolfes primarily rely on *Bradley v. Franklin County Prison,* 674 A.2d 363 (Pa.Cmwlth.1996), and the Supreme Court's decisions in *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992), and *McCalla v. Mura,* 538 Pa. 527, 649 A.2d 646 (1994).

1. It is well settled that a school district is immune from liability for injuries resulting from faulty or inadequate supervision of students. *Gore v. Bethlehem Area School Dist.,* 113 Pa. Cmwlth. 394, 537 A.2d 913, *appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988).

2. Pa. R.C.P. No. 1035 was rescinded effective July 1, 1996 and was replaced by Pa. R.C.P. Nos. 1035.1—1035.5. The School District's motion for summary judgment was filed on April 3, 1996, and the trial court's decision was issued on May 15, 1996, prior to the effective date of the new Rules.

The Wolfes cite *Bradley* for the proposition that immunity is waived where the defective design, construction or condition of the real estate causes or permits a dangerous condition to cause an injury. In *Bradley* the plaintiff had alleged that the county negligently installed a tile floor without a non-slip surface in a "drying-off" area near the shower in its prison. Noting that the prison was constructed with the intention that water would accumulate on the tile floor and that the plaintiff alleged that the tile floor itself caused the injury because of its defective condition, the Court held that Bradley's allegation fell within the real property exception. In the present case, the Wolfes maintain that the defective design of the carpet itself created a hiding place for the knife blade and that a jury question exists as to whether that constituted a dangerous condition.

The Wolfes further cite the Supreme Court's decisions in *Snyder*, *Bendas* and *McCalla* for the proposition that a governmental entity that owns real estate owes a duty to those using the real estate to keep the property safe for the activities for which it is intended to be used and that a breach of that duty may constitute a dangerous condition of the real estate. The Wolfes contend that in accordance with these cases the School District had a duty to make the school and class areas safe for their intended use and that the facts in the complaint indicate that the School District breached this duty, thereby creating a dangerous condition that injured Douglas.

In *Leonard by Leonard v. Fox Chapel Area School Dist.*, 674 A.2d 767 (Pa.Cmwlth. 1996), this Court stated that several important principles must be adhered to when interpreting the real property exception to governmental immunity. The real property exception must be narrowly construed in order to give effect to the legislative intent to insulate municipalities from tort liability. Further, the real property exception is to be construed *in pari materia* with the sidewalk

exception to governmental immunity, Section 8542(b)(7) of the Code, 42 Pa.C.S. § 8542(b)(7), and the real estate exception to sovereign immunity, Section 8522(b)(4) of the Code, *as amended,* 42 Pa.C.S. § 8522(b)(4).[3]

▮ In *Finn v. City of Philadelphia,* 541 Pa. 596, 605, 664 A.2d 1342, 1346 (1995), the Supreme Court reviewed recent case law relating to the real property and sidewalk exceptions and stated:

> The common theme of all these cases is that liability depends, first, on the legal determination that an injury was caused by a condition of government realty itself, deriving, originating from, or having the realty as its source, and, only then, the factual determination that the condition was dangerous.

Applying the rationale in *Finn* to the facts of the present case, the Court concludes that the trial court correctly determined that Douglas' injuries were not caused by a defect originating from, or having its source in, the carpeted floor of the classroom. Liability may not be imposed upon a governmental entity for injuries caused by its negligent failure to remove foreign substances from its real estate. *Shedrick v. William Penn School Dist.*, 654 A.2d 163 (Pa.Cmwlth.), *appeal denied*, 542 Pa. 682, 668 A.2d 1142 (1995).

▮ The Supreme Court in *Finn* also addressed the contention that a local agency may be held liable for failing to make its real estate safe for its intended purposes under the *Bendas*, *Snyder* and *McCalla* line of cases. The Court stated:

> In *Bendas*, the court considered two issues: the first was "whether the Department [of Transportation] has a duty to make its highways safe for their intended purpose;" the second was "whether the failure of the Department to exercise that duty is actionable under an exception to the Sovereign Immunity Act." We cited *Snyder, supra*, in deciding that the Commonwealth agency had a clear duty to

**3.** Section 8542(b)(7) provides that a local agency may be liable for injuries and damages due to dangerous conditions of sidewalks under circumstances where the local agency had actual notice or could reasonably be charged with notice of the dangerous condition at a sufficient time to

have taken measures to protect against the dangerous condition.

Section 8522(b)(4) provides that the Commonwealth is liable for damages caused by dangerous conditions of Commonwealth agency real estate and sidewalks.

make its property safe for the activities for which it is regularly used. The court found the second question more difficult, since a Commonwealth agency might breach a duty "yet not be liable unless the breach is coincidental with an exception to the Act."

*Finn,* 541 Pa. at 602–603, 664 A.2d at 1345 (citations omitted). Accordingly, although a local agency may have a duty under *Snyder, Bendas* and *McCalla* to make its real estate safe for its intended use, liability will be imposed upon the local agency only where the breach of that duty is coincidental with an exception to immunity.[4] Because Douglas' injuries were not caused by a defect in the real estate itself, the School District may not be held liable for the child's injuries. The order of the trial court is affirmed.

### ORDER

AND NOW, this 3rd day of February, 1997, the order of the Court of Common Pleas of Monroe County is affirmed.

---

4. The Wolfes further contend that the trial court erred in prematurely granting summary judgment before the close of discovery and that the trial court improperly assumed the role of fact finder, where the Wolfes' complaint had raised genuine issues of fact to be properly decided by a jury. This Court disagrees. As the trial court noted, the Wolfes' complaint and the two depositions revealed that the essential facts in the case are not in dispute. The record was sufficient for the trial court to make the legal determination that Douglas' injuries were not caused by a defect in the real estate itself. As stated by the Court in *Finn,* this was a preliminary determination to be made by the trial court rather than a factual question for the jury.