**Venice HAMES, Kiara Hames, a minor, and Venicia Hames, a minor, Appellants,**

v.

**The PHILADELPHIA HOUSING AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1997.

Decided June 24, 1997.

---

William E. Averona, Philadelphia, for appellants.

Mary Kay Schwemmer, Philadelphia, for appellee.

Before SMITH and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Appellants, Venice Hames, Venicia Hames, a minor, and Kiara Hames, a minor, appeal from the May 2, 1996 order of the Court of Common Pleas of Philadelphia County that denied their motion for reconsideration, reinstated the November 3, 1995 order granting summary judgment to the Philadelphia Housing Authority (Appellee) and dismissed the Appellants' claims based on Venicia and Kiara's psychiatric injuries. The trial court determined that Appellants failed to submit additional medical evidence to establish that Venicia and Kiara's alleged physical and resulting psychiatric injuries constituted "serious injury" as contemplated by the limited tort option set forth in Section 1705 of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1705.

Appellants question whether the trial court erred in determining that Venicia and Kiara failed to establish serious injury under Section 1705 of the MVFRL; whether Section 1705(a)(5), 75 Pa.C.S. § 1705(a)(5), which deems the limited tort option applicable to owners of uninsured vehicles, also applies to their minor children; and whether Appellants should be permitted to withdraw, without prejudice, the minor children's claims relating to serious impairment in light of late-developing psychiatric evidence demonstrating further psychic and physical injuries to the children.

In May 1992, Appellants were involved in an accident in which their vehicle collided with a vehicle driven by an employee of Appellee. Venice Hames was driving an uninsured Plymouth Voyager minivan regis-tered to his wife, Angela Hames. Venicia and Kiara, ages six and three at the time of the accident, were passengers in the vehicle. Appellants averred that during the accident, Kiara's head broke the windshield of her mother's vehicle, and Venicia was pinned under the seat for a period of time. Both children witnessed the injuries suffered by their father.

As Appellee concedes, the medical evidence of record shows that Venicia was treated for several months by Dr. Robert Colletti, a physical therapist. Her condition was diagnosed by Dr. Corey Ruth as post-traumatic thoracic and lumbosacral paraspinal muscle strain, bilateral hip/pelvic contusion, bilateral knee contusion and left ankle contusion. Dr. Ruth diagnosed Kiara's condition as post-traumatic cervical and thoracic strain, right and left trapezius myofascitis and skull contusion. Appellants aver that the girls have since developed psychiatric problems that prevent them from functioning normally.

In July 1992, Appellants filed suit against Appellee seeking, inter alia, damages for the minors' injuries. The parties amicably resolved the claim brought on behalf of Venice and Angela Hames. On September 1, 1995, Appellee filed a motion for summary judgment on the ground that Venicia and Kiara were bound by the limited tort option in Section 1705(d) of the MVFRL, 75 Pa.C.S. § 1705(d), because Angela Hames' vehicle was uninsured, and the children were not entitled to recover noneconomic damages unless they suffered a serious injury.[1]

I.

Section 1702 of the MVFRL, *as amended*, 75 Pa.C.S. § 1702, defines serious injury as a "personal injury resulting in death, serious impairment of a body function or permanent serious disfigurement." Relying on *Dodson v. Elvey*, 445 Pa. Superior Ct. 479,

---

1. Section 1705(d) provides:
   Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss. . . .

665 A.2d 1223 (1995), *appeal granted,* 544 Pa. 608, 674 A.2d 1072 (1996), the trial court noted that the issue in the case was whether Venicia and Kiara had suffered a serious impairment of a body function. In *Dodson* the Superior Court stated that the trial court must make a threshold determination as to this question. On a motion for summary judgment, the court must determine (1) whether the plaintiff, as movant, has shown that he or she has suffered serious impairment of a body function; (2) whether the defendant, as movant, has shown that the plaintiff has not suffered a serious impairment of a body function; or (3) whether a genuine issue of material fact remains for the jury. *Id.*

■ With these principles in mind, the trial court employed the four-factor test set forth in *Murray v. McCann,* 442 Pa. Superior Ct. 30, 658 A.2d 404 (1995), for determining whether an individual has suffered serious impairment of a body function. The test involves consideration of (1) the extent of the impairment; (2) the particular body function impaired; (3) the length of time the impairment lasted; and (4) the treatment required to correct the impairment. The court found that neither Venicia nor Kiara had identified any body function that is impaired or any activity that cannot be performed and, as a result, concluded that the minor children are precluded from seeking recovery for their injuries and entered summary judgment.

■ On October 6, 1995, February 1, 1996 and March 28, 1996, Venicia and Kiara were examined by Dr. Clancy D. McKenzie, a psychiatrist. Appellants state that Dr. McKenzie indicated in his report that both minors have developed long-term psychiatric impair-ment as a result of their injuries and that they will need additional psychiatric treatment. Upon motion for reconsideration filed by Appellants, the trial court vacated its summary judgment order. On May 2, 1996, after oral argument and in view of Appellants' failure as of that date to submit any additional medical evidence, the trial court denied the motion for reconsideration and reinstated summary judgment.[2] Due to circumstances peculiar to this case, Appellants were unable to obtain medical evidence regarding the minor children's psychiatric injuries prior to entry of the trial court's final order.[3]

In *Allwein v. Donegal Mutual Ins. Co.,* 448 Pa. Superior Ct. 364, 671 A.2d 744, *appeal denied,* 546 Pa. 660, 685 A.2d 541 (1996), the Superior Court recognized that the provisions of the MVFRL are to be liberally construed to advance the policy of indemnifying victims of accidents for injuries sustained on state roadways. In *Dodson* the Superior Court stated that for an injury to constitute a serious impairment of a body function, it must interfere substantially with the plaintiff's normal activities and have a serious impact for an extended period of time on the plaintiff's life. Appellants argue that Dr. McKenzie's medical reports establish such impairment.

■ The record establishes that Appellee moved for summary judgment on September 1, 1995, more than one month prior to Dr. McKenzie's first examination of Venicia and Kiara, and the trial court initially entered summary judgment on November 3, 1995. Although the trial court vacated its order and conducted oral argument on Appellants' motion for reconsideration, Appellants did not at

---

**2.** This Court's scope of review of the trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Wolfe by Wolfe v. Stroudsburg Area School Dist.,* 688 A.2d 1245 (Pa.Cmwlth.1997). Summary judgment is appropriate only where, after viewing the record, i.e., the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id. See* Former Pa. R.C.P. No. 1035(b), rescinded effec-tive July 1, 1996 but in effect at all relevant times for purposes of this case.

**3.** By order dated September 9, 1996, this Court granted Appellee's application to strike Dr. McKenzie's medical reports from Appellants' reproduced record because they were not a part of the certified record. As a result, the Court is unable to address Appellants' first contention, i.e., that the medical reports clearly establish serious impairment. The Court notes, however, that Dr. McKenzie's reports are referred to several times in Appellee's brief.

that time have Dr. McKenzie's medical reports. Without having set a deadline for the submission of the medical reports, the trial court denied reconsideration on May 2, 1996 and reinstated summary judgment, in part on the ground that Appellants had failed to submit any additional evidence. The record is unclear as to whether Appellants had actually received Dr. McKenzie's medical reports at the time of the trial court's entry of summary judgment.

In *Moscatiello Constr. Co. v. City of Pittsburgh,* 155 Pa.Cmwlth. 361, 625 A.2d 155 (1993), the Court noted that summary judgment issues are often complex, and it further stated that "a party opposing a motion for summary judgment has the right to file *and the trial court should consider* opposing affidavits as well as pleadings, answers to interrogatories, depositions and admissions." *Id.,* 155 Pa.Cmwlth. at 367, 625 A.2d at 158 (emphasis added). Therefore, considering Appellants' claims concerning the late-developing nature of the minor children's psychiatric impairment, the Court concludes that the trial court erred in granting summary judgment without first reviewing the medical reports. A remand is necessary so that the trial court may determine whether these reports raise a material issue of fact as to whether Venicia and Kiara suffered a serious impairment of body function.

## II.

Alternatively, Appellants contend that nothing in Section 1705 bars the minor children of the owner of an uninsured vehicle from presenting a full-tort claim.[4] Appellants also specifically refer to Section 1705(b)(3), 75 Pa.C.S. § 1705(b)(3),[5] to support their contention that because Venicia and Kiara are neither owners of their mother's vehicle nor named insureds under any applicable automobile insurance policy, they are not barred from presenting a full-tort claim. Apparently, Appellants believe that because Angela Hames had no insurance, her children were not bound by the limited tort option.

■ Section 1786(a) of the MVFRL, *as amended,* 75 Pa.C.S. § 1786(a), requires that every vehicle registered in the state must be insured. Because her vehicle was uninsured, Angela Hames is deemed by operation of law to have selected the limited tort option. Moreover, Section 1705(b)(2) provides that the tort option selected by a named insured shall apply to all insured under that policy.[6] Logically, then, it must follow that Venicia and Kiara are bound by their mother's deemed selection of the limited tort option, regardless of whether she had an insurance policy on her vehicle.

■ To decide otherwise and to accept Appellants' argument would afford greater rights to minor children whose parents have no insurance than to minor children whose parents have purchased insurance and chosen the limited tort option. It is a well-settled principle of statutory construction that the legislature does not intend a result that is absurd or unreasonable. Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(2); *Curley v. Board of School Directors of the Greater Johnstown School Dist.,* 163 Pa.Cmwlth. 648, 641 A.2d 719 (1994). As indicated by Section 1705(b)(2) of the MVFRL, the legislature intended that minor children residing in their parents' household be subject to the same tort option as their parents. In any event, the order of the trial court is vacated, and this case is remanded to the trial court for it

---

4. Appellants cite the language of Section 1705(a)(5), which states: *"An owner* of a currently registered private passenger motor vehicle who does not have financial responsibility shall be deemed to have chosen the limited tort alternative."* (Emphasis added.)

5. Section 1705(b)(3) provides:
An individual who is not an owner of a currently registered private passenger motor vehicle and who is not a named insured or insured under any private passenger motor vehicle policy shall not be precluded from maintaining an action for noneconomic loss or economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law.

6. Specifically, Section 1705(b)(2) provides in relevant part:
The tort option selected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy.

to consider Appellants' medical reports and whether they create a genuine issue of material fact as to whether Venicia and Kiara suffered serious impairment of a body function. If so, the case should then proceed to trial.

### ORDER

AND NOW, this 24th day of June, 1997, the order of the Court of Common pleas of Philadelphia County is vacated, and this case is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.