**Gemmell v. Barrett**

*Nicholas Lorenzo Jr.,* for plaintiffs Gemmell.

*Wayne A. Kablack,* for defendants Barrett and Strawcutter.

*Craig Fishman* and *Jeffrey M. Gordon,* for additional defendants Gallina.

*John Eidemueller,* for additional defendant PennDOT.

RUDDOCK, *P.J.,* November 3, 1997—This matter comes before the court on defendants' and additional defendants' motions for partial summary judgment. For the reasons stated herein, defendants' and additional defendants' motions for partial summary judgment are denied.

## FACTS

Robert E. Gemmell, plaintiff, and Kearney C. Gallina were involved in a two-vehicle collision with a coal truck on August 3, 1993. Plaintiff, the passenger in the vehicle being driven by Mr. Gallina, sustained serious injuries[1] and was subsequently life-flighted to Allegheny General Hospital.

On or about July 22, 1994, plaintiff filed a complaint asserting negligence on the part of the operator of the coal truck, Melvin William Strawcutter, and his employers and owners of the truck, Agatha R. Barrett and Richard Barrett, defendants. Defendants filed their answer and

---

1. Plaintiff's injuries include a left, grade III, open femoral shaft fracture requiring fixation with a metal plate and with reduction in casting, multiple facial lacerations, facial scarring, fracture of the left distal tibia, four fractured toes of the left foot and other various injuries.

new matter as well as a complaint to join the driver, Kearney C. Gallina, to the action. A complaint was also filed by Kearney C. Gallina, and his parents Carmen and Ann Gallina against the defendants at no. 11928 CD 1994. The two actions have been consolidated for trial. The Commonwealth of Pennsylvania, Department of Transportation has been joined as an additional defendant.

After discovering that Mr. Gemmell held a limited tort coverage policy through State Farm Insurance which could limit plaintiff's recovery for damages, defendants filed motions for partial summary judgment.

In the motions for summary judgment, the defendants and additional defendants allege in their respective motions that the Motor Vehicle Financial Responsibility Act limits any possible recovery of the plaintiffs to medical and other out-of-pocket expenses only because the plaintiff is not suffering from a serious impairment of a bodily function and/or a permanent serious disfigurement. The defendants and additional defendants maintain that reasonable minds could not differ on this issue and thus, partial summary judgment should be entered in their favor with respect to plaintiffs' claim for pain and suffering and other noneconomic damages.

Plaintiffs assert that the injuries suffered do amount to both permanent serious disfigurement with respect to facial lacerations that have left scars on plaintiff's face; as well as serious impairment of bodily function due to the plaintiff's broken left femur. Plaintiffs maintain that there is a valid claim for pain and suffering and other noneconomic damages.

After careful consideration of the evidence in the record and after hearing arguments on the matter, the court denies defendants' motion for summary judgment.

## APPLICABLE LEGAL STANDARD

Summary judgment is appropriate only where it is clear and free from doubt that "the pleadings, depo-

sitions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b), 42 Pa.C.S.; *Marks v. Tasman,* 527 Pa. 132, 134, 589 A.2d 205, 206 (1991). The moving party has the burden of proving that no genuine issue of material fact exists. *Id.* at 135, 589 A.2d at 206. In determining whether summary judgment is proper, "the record must be examined in the light most favorable to the non-moving party, accepting as true all well-pleaded facts in its pleadings and giving that party the benefit of all reasonable inferences drawn therefrom." *Banker v. Valley Forge Insurance Co.,* 401 Pa. Super. 367, 373, 585 A.2d 504, 507 (1991). Finally, a court's function in a summary judgment proceeding "is not to determine the facts, but only to determine if a material issue of fact exists." *Id.* In addition, when "a motion for summary judgment has been made and properly supported, parties seeking to avoid imposition of summary judgment must show by specific facts in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for trial." *Marks, supra* at 135, 589 A.2d at 206, citing *Oberly v. Cass,* 382 Pa. Super. 108, 554 A.2d 970 (1989) and *Tom Morello Construction Co. Inc. v. Bridgeport Federal Savings and Loan Association,* 280 Pa. Super. 329, 421 A.2d 747 (1980).

## DISCUSSION

The Motor Vehicle Financial Responsibility Law of Pennsylvania gives individuals the right to choose between full tort coverage or limited tort coverage.[2] The

---

2. The statutory provisions relating to the full tort and limited tort alternatives are as follows:

limited tort coverage option allows insurance companies to offer coverage at a reduced rate in exchange for the insured individuals giving up their right to sue for noneconomic damages resulting from an automobile accident. If a "serious injury" is in fact sustained, the above cited limitation does not apply and the insured individual may sue for noneconomic damages. 75 Pa.C.S. §1705(d). "Serious injury" is defined as "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702.

As stated above, plaintiffs were covered by State Farm Insurance Company under a limited tort coverage policy. Thus, plaintiffs are statutorily prohibited from recovering damages for noneconomic damages unless it is found that his injuries come within the scope of the definition of "serious injury" under section 1702.

On a motion for summary judgment, it is the judge and not the jury that makes an initial determination as to whether a serious injury has been suffered by a plaintiff. *Dodson v. Elvey*, 445 Pa. Super. 479, 665 A.2d 1223 (1995), *appeal granted*, 544 Pa. 608, 674

---

"Section 1705 Election of tort options

"(c) Full tort alternative.—Each person who is bound by the full tort election remains eligible to seek compensation for noneconomic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law.

"(d) Limited tort alternative.—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that: . . . " 75 Pa.C.S. §1705(c),(d).

A.2d 1072 (1996). Although the procedure outlined below pertains to serious impairment of body function, the *Dodson* court noted that the procedure is equally applicable to "permanent serious disfigurements." *Id.*

The Superior Court, in *Dodson,* held that a court, when determining whether an individual has suffered a serious impairment of body function, must determine two things, (1) whether the plaintiff, as the moving party, has shown that he has suffered a serious impairment of a body function, or in the alternative, whether the defendant, as the moving party, has shown that the plaintiff has not suffered a serious impairment of a body function, and (2) whether a genuine issue of material fact exists for the jury. *Id.* at 494, 665 A.2d at 1231; *Curran v. Children's Service Center Inc.,* 396 Pa. Super. 29, 578 A.2d 8 (1990). Additionally, the *Dodson* court adopted various factors previously set forth in the Michigan case of *DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896 (1986), to determine whether a person has in fact suffered a serious impairment of body function. *Id.* The factors to be considered are as follows: (1) the extent of the impairment; (2) the specific body function that is impaired; (3) the length of time of the impairment; (4) the treatment necessary to correct the impairment; and (5) any other relevant factors. *Id.*; see *Murray v. McCann,* 442 Pa. Super. 30, 658 A.2d 404 (1995) (the same threshold factors are employed by the Pennsylvania courts); *Hames v. Philadelphia Housing Authority,* 696 A.2d 880 (Pa. Commw. 1997). The court looks at more than the injury itself; it takes into consideration the consequences of the injury on the individual's life. *Dodson, supra* at 499, 655 A.2d at 1234. (citations omitted)

The court will first examine the dispute over plaintiff's facial laceration scars which are alleged by the plaintiff

to fall within the serious injury definition of 75 Pa.C.S. §1702, as a "serious permanent disfigurement." After a review of the record, the court finds that plaintiff has met the threshold requirement for a serious injury.

Plaintiff's treating physicians and surgeons unanimously agreed that the scarring to plaintiff's face is quite significant. Dr. Daniel L. Diamond, who treated plaintiff when first admitted to Allegheny General Hospital and after being discharged, stated in a report to plaintiff's counsel that: "The lacerations to [plaintiff's] face will leave permanent disfiguring scars which will never be completely eradicated." Plaintiff's response, exhibit "B," p. 1. Dr. Frederick R. Heckler, Chief of Plastic Surgery at Allegheny General Hospital, who debrided and closed Mr. Gemmell's facial lacerations and who also saw him as an outpatient, opined in his report to plaintiff's counsel that: "It would be safe to state at this point however that he will be left with extensive scarring over the face and shoulder of at least some significance." Plaintiff's response, exhibit "C," p. 2. Finally, Dr. William J. Mitchell, who examined the plaintiff on August 22, 1996, concluded that "he is left with permanent disfiguring scars on the left side of his face." Plaintiff's response, exhibit "E," p. 4.

Furthermore, defendants had the opportunity to have plaintiff examined by an outside physician. Dr Michael W. Weiss, an orthopedic surgeon, examined plaintiff on or about August 27, 1996, pursuant to plaintiff's submittal to an independent medical examination, I.M.E. Dr. Weiss reported nothing with regards to plaintiff's facial lacerations other than noting that they were one of plaintiff's many injuries following the accident. Yet, in a follow-up report dated September 3, 1997, a year after Dr. Weiss had last examined plaintiff, he opined that, "I do not feel that Mr. Gemmell has suffered

an injury resulting in a permanent serious disfigurement. . . ." Defendants' motion, exhibit "B." The court does not place much merit in Dr. Weiss's report as the original report pertains to plaintiff's problems with his broken leg. It appears that the supplement to Dr. Weiss's report was elicited simply for the purpose of a contrary position regarding Mr. Gemmell's facial lacerations.

Perhaps most telling of all opinions comes as a result of defendants' request for a second I.M.E. which was performed on August 4, 1997, by Dr. E. Douglas Newton, a plastic surgeon. Dr. Newton stated in his report that: "The prognosis for these scars is that they can be potentially somewhat improved by surgical intervention but they will, in all likelihood, represent a *serious permanent disfigurement* and will always be an easily noticeable impairment to the patient's appearance." Plaintiff's response, exhibit "A," p. 2. (emphasis added)

The court, keeping in mind the *DiFranco* factors, notes that plaintiff's disfigurement is still ongoing. Photographs submitted by the plaintiff at argument, which were taken in January 1997, approximately three and one-half years after the accident, demonstrate the severity of the scarring. Moreover, the consequences of plaintiff's injury on his life and normal activities are taken into consideration by the court. The court opines that while the scars are not detrimental to plaintiff's activities, they surely cannot be considered beneficial or helpful to plaintiff as he goes on with his daily life.

Pursuant to the above, the court finds that the laceration scars about the face and head of Mr. Gemmell, are a permanent serious disfigurement and fall within the definition of a serious injury pursuant to 75 Pa.C.S. §1702. The plaintiffs are permitted to go forth with

their claim for noneconomic damages. Defendants' and additional defendants' motion for partial summary judgment is denied.

Because the definition of serious injury as stated in 75 Pa.C.S. §1702 allows for alternative thresholds, and because plaintiffs have met the threshold for a permanent serious disfigurement, no further discussion on the issue of whether plaintiff also has a serious impairment of body function is needed.

Wherefore, the court makes the following order.

### ORDER

And now, November 3, 1997, after careful consideration of the arguments presented, it is hereby ordered, adjudged and decreed, that defendants' and additional defendants' motion for partial summary judgment is denied. Plaintiffs have met the serious injury threshold and will be allowed to proceed to trial with a claim for noneconomic damages.