611 A.2d 1184

Robert A. BENDAS and Marian T. Bendas, h/w,

v.

TOWNSHIP OF WHITE DEER, Commonwealth of
Pennsylvania, Department of Transportation.

Merrill C. PERRY and Marilyn B. Perry, h/w,

v.

Robert A. BENDAS and Township of White Deer,
and Commonwealth of Pennsylvania,
Department of Transportation.

Appeal of COMMONWEALTH DEPARTMENT
OF TRANSPORTATION (Two Cases).

Supreme Court of Pennsylvania.

Argued Dec. 3, 1991.

Decided June 17, 1992.

Thomas M. Delvin, Sr. Deputy Atty. Gen., Charisse Lillie, Norma S. Weaver, Miriam B. Brenaman, Alan C. Ostrow, for amicus—City of Philadelphia.

Charles H. Saylor, for Twnp. of White Deer.

Brad M. Jackson, for Robert A. Bendas, et ux.

Thomas E. Boop, for Merrill C. Perry, et ux.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

This appeal comes to us by allowance from an order of the Commonwealth Court affirming an order of the Court of Common Pleas of Union County. 131 Pa.Cmwlth. 488, 570 A.2d 1360. The trial court had denied summary judgment to

the Commonwealth, Department of Transportation, appellant herein. The germane facts[1] of this case are as follows.

On August 6, 1983, appellee Robert Bendas was driving on Township Road 532, which intersected Legislative Road 475 on a perpendicular line. At the intersection of the two roads, appellee Bendas collided with appellee Merrell Perry, who was operating a vehicle travelling on Legislative Road 475.

Legislative Road 475 is a Commonwealth highway. At the time of the accident it had no traffic control device or sign on it, nor were there traffic control devices or signs on Township Road 532 regulating entry onto Legislative Road 475: the speed limit on Legislative Road 475 was 50 miles per hour: there was no posted speed limit on Township Road 532.

Both drivers filed lawsuits in which they named the Commonwealth Department of Transportation (Department) as a defendant. The theory of liability was that the Department had either negligently failed to erect traffic control devices at the intersection, or failed to otherwise correct a dangerous condition.

At the close of discovery the Department filed a motion for summary judgment on grounds that it owed no legal duty to the respective parties and, consequently, no cause of action in negligence would lie. The trial court denied this motion, a decision which the Commonwealth Court affirmed. Upon petition, we granted allocatur.

Not unexpectedly the parties in this case have framed the issue differently. The appellant Department contends that the issue is "whether a discretionary statute coupled with an exception to sovereign immunity creates a duty on the Commonwealth to provide traffic control devices."[2] The appellees

1. Since this case comes to us in the posture of an appeal from a ruling on summary judgment, our scope of review is limited, and the "facts" on appeal are to be construed in favor of the non-moving party. *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

2. The Commonwealth Court and the Department in their argument on appeal placed great emphasis on those sections of the Vehicle Code which authorized the placement of traffic control signs on or along a state highway. *See* 75 Pa.C.S. §§ 6122 and 6124. The Commonwealth Court held that these sections not only authorized the Commonwealth

on the other hand contend that the issue is whether "the Commonwealth [may] be found negligent for failing to erect a traffic control device and/or other signs or warning to alleviate a dangerous condition on a highway in its jurisdiction."

As we see it there are actually two issues which must be addressed in order to resolve this case: the first is whether the Department has a duty to make its highways safe for their intended purpose;[3] the second is whether the failure of the Department to exercise that duty is actionable under an exception to the Sovereign Immunity Act.[4]

■ The first issue is resolved by reference to a recent decision of this Court. In *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989) this Court stated clearly and unequivocally that the "duty of care a Commonwealth agency owes to those using its real estate, (sic) is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Id.* 522 Pa. at 435, 562 A.2d at 312.

■ The resolution of the second issue is more difficult, for it is dependent on the effect of the Sovereign Immunity Act: by virtue of that Act a Commonwealth agency may have breached a duty owed yet not be liable unless the breach is coincidental with an exception to the Act.

■ The relevant exception for purposes of this case is contained in § 8522(b)(4).

Court to place such traffic controls, it implicitly created an affirmative duty upon the Department to use this authority in certain situations. The Department argues, and we agree, that the clear language of these sections is discretionary, and no duty can be derived from the statute. However, for the reasons stated, this fact does not absolve the Department in this case.

3. The General Assembly has waived Sovereign Immunity, subject to certain conditions, where "damages would be recoverable under the common law." 42 Pa.C.S. 8522(a). The fundamental inquiry in any common law negligence matter is whether there exists a duty which flows from the defendant to the plaintiff. *See Morena v. South Hills Health System*, 501 Pa. 634, 462 A.2d 680 (1983).

4. Act of Oct. 5, 1980 P.L. 693, No. 142 § 221(1) as amended. 42 Pa.C.S. § 8521 *et seq.*

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

(4) Commonwealth real estate, highways and sidewalks.—A *dangerous condition* of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

42 Pa.C.S. § 8522(b)(4) (emphasis supplied).

The question then becomes what constitutes a dangerous condition, and is the answer to that question one of law or one of fact.

In the case of *Mindala v. American Motors,* 518 Pa. 350, 543 A.2d 520 (1988),[5] Mr. Justice Larsen in his Opinion in Support of Reversal analyzed the question of dangerous condition as one which fell within the province of the jury, to wit:

"A jury could find that the missing stop sign caused a dangerous condition to emerge and that dangerous condition created a foreseeable risk of the kind of injuries suffered in this case."

*Id.* 518 Pa. at 370, 543 A.2d at 530. Thus, in *Mindala,* three Justices, including this author, clearly were of the opinion that the question of what constitutes a dangerous condition constituted a fact question. The Justices who joined the Opinion in Support of Affirmance in *Mindala* did not address this issue, since they were of the opinion that an absence of a legal duty precluded inquiry into the dangerousness of the condition;

---

5. The issue in *Mindala* was whether the local municipality had a duty to correct a dangerous condition found to exist on a Commonwealth road. That issue is not present in this appeal.

however, nothing in their opinion contradicted a conclusion that the question of what constitutes a dangerous condition is one of fact, and we now expressly so hold. *See Dankulich v. Tarantino,* 110 Pa.Cmwlth. 559, 532 A.2d 1243 (1987) (dangerous condition was fact question but evidence would not support submission of question to jury). *See* generally *Regelski v. F.W. Woolworth,* 423 Pa. 524, 225 A.2d 561 (1967) (question of reasonable anticipation which a defendant should have exhibited is for the jury). *Dougherty v. Philadelphia National Bank,* 408 Pa. 342, 184 A.2d 238 (1962) (jury question as to whether owner had notice of potentially dangerous condition of floor).

Consequently, since the Commonwealth does have a duty to make its highways reasonably safe for their intended purpose, and since the question of what is or is not a dangerous condition must be answered by the jury,[6] this case was not appropriate for summary judgment, and the trial court's refusal to grant the Department's motion was correct.

Accordingly, the order of the Commonwealth Court is affirmed, and this case is remanded to the Court of Common Pleas of Union County for further proceedings.

LARSEN, J., concurs in the result.

---

**6.** Nothing in this Opinion is intended to preclude a court from entering judgment in those cases where the facts establish as a matter of law that a dangerous condition did not exist. *See generally Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979).