**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Kenneth E. KOONS, Sr. and Kathryn L. Koons, Individually and as Administrators of the Estate of Leonard S. Koons, deceased, and George D. Willits and Patricia H. Willits, Individually and as Administrators of the Estate of Tracey C. Willits, deceased,**

v.

**Justin BOWER, Joseph E. Tacka, Patrick Winchester and Mike Dole.**

Commonwealth Court of Pennsylvania.

Argued April 6, 1995.

Decided July 7, 1995.

Michael Fields, for appellant.

John C. Youngman, Jr., for appellee Justin Bower.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

The Pennsylvania Department of Transportation (DOT) appeals by permission an interlocutory order of the Court of Common Pleas of Clinton County (trial court) which denied a motion for summary judgment filed by DOT. We affirm.

This action was commenced as the result of a car accident which occurred on April 21, 1990 on Route 880 in Clinton County, Pennsylvania. At the location of the accident, Route 880 is a two-way road divided by a marked double yellow centerline.

On the evening of April 21, 1990, Joseph E. Tacka was driving northbound on Route 880 in a pickup truck. Tacka's passengers were Leonard Koons, Tracey Willits, Kimberly Carson and Christopher Crossley. Justin Bower was also driving northbound on Route 880 just ahead of Tacka's vehicle. As Tacka approached Bower's vehicle, he crossed over into the southbound lane to pass it. As he attempted to pass, Tacka traveled along the berm of the lane and struck a stone wall culvert. After striking the culvert, Tacka's vehicle went out of control, left the roadway and went down an embankment where it struck a stone pile and came to a rest.

As a result of the accident, passengers Koons and Willits died from the injuries they sustained.[1] Tacka pled *nolo contendere* to three counts of homicide by vehicle and one count of driving under the influence. He is presently serving a prison term of three to twelve years.

On November 23, 1992, the parents of Koons and Willits (Parents), individually and as the administrators of their respective estates, filed a complaint against DOT alleging that DOT had failed to properly maintain Route 880 which had resulted in a dangerous condition. They further alleged that the dangerous condition was a substantial contributing factor to the accident and to the deaths of Koons and Willits.

On January 11, 1993, DOT filed a joinder complaint against additional defendants Justin Bower, Joseph E. Tacka, Patrick Winchester and Mike Dole. Then, on April 22, 1994, DOT filed a motion for summary judgment which was denied by the trial court in an order dated June 17, 1994. The trial court first concluded that DOT had a duty to make its roadways safe for their intended purpose. The trial court then considered whether DOT's failure to exercise that duty was actionable under the real estate exception to sovereign immunity as set forth in the Judicial Code at 42 Pa.C.S. § 8522(b)(4), commonly referred to as the Sovereign Immunity Act (Act).[2]

---

1. Passenger Kimberly Carson also received fatal injuries, but she is not a party to the present action.

2. 42 Pa.C.S. §§ 8521–8528. Section 8522 sets forth as follows:

   (a) **Liability imposed.**—The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

   (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

   :: * * * * *

   (4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Common-

The trial court concluded that the arguments raised by both parties and the record indicated that there were genuine issues of material fact as to whether Tacka's conduct constituted a superseding cause or whether a dangerous condition existed. The trial court stated that a plea of *nolo contendere* to a charge of homicide by vehicle was not dispositive of the issue of liability. Furthermore, the trial court stated that the question of what constitutes a dangerous condition is one of fact which generally falls within the province of a jury. Accordingly, since the facts did not establish that DOT was precluded from being held jointly liable under an exception to sovereign immunity, the trial court concluded that DOT was not entitled to judgment as a matter of law.

DOT petitioned the trial court to amend its June 17, 1994 interlocutory order to include the certification required by section 702(b) of the Judicial Code[3] to allow DOT to seek permission to appeal the interlocutory order to this court. The trial court so amended its order on July 7, 1994.

By order dated August 4, 1994, this court granted DOT's petition for permission to appeal the trial court's order dated June 17, 1994. The present appeal followed.

In its appeal, DOT raises the following issues: (1) whether Tacka's criminal conduct for which he went to jail is a superseding cause absolving DOT of liability for the accident; and (2) whether the question of the existence of a dangerous condition of real estate is material to this motion for summary judgment because Tacka's actions constituted a superseding cause of the accident.[4]

■ We initially note that our scope of review of a grant or denial of summary judg-

ment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr*, 159. Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party clearly establishes that he is entitled to judgment as a matter of law. *Id.;* Pa.R.C.P. No. 1035.

■ DOT asserts that Tacka's conduct was superseding to the possible existence of a dangerous condition of Route 880 and, as such, the condition of the realty is unimportant. DOT argues that since Tacka's criminal conduct is a superseding cause, DOT is absolved from any liability for the accident. We disagree.

Pursuant to section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, in order for a plaintiff to maintain an action against a Commonwealth party for damages arising out of a negligent act, the plaintiff must show that: (1) the damages would be recoverable under the common law or under a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity; and (2) the injury falls within one of the exceptions to sovereign immunity. Addressing the issue of whether a Commonwealth party could be held liable at common law for the alleged dangerous condition of a highway, our Supreme Court has stated that the duty of care which a Commonwealth agency owes to those using its real estate is such as to require that the condition of the property be safe for the

---

wealth agency, except conditions described in paragraph (5) [dealing with potholes and sinkholes].

**3.** Section 702(b) of the Judicial Code provides that where a trial court or a governmental unit believes that its interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in its order. 42 Pa.C.S. § 702(b). The inclusion of such language allows a party to seek permission to ap-

peal an otherwise unappealable interlocutory order. Pa.R.A.P. 1311.

**4.** We note that additional defendant Justin Bower has submitted a brief to this court in this appeal of the trial court's denial of summary judgment. He has aligned himself with the position taken by the Parents. The sole issue which he presents for our review is whether a jury question exists as to whether Tacka's conduct was a superseding cause of the accident. This issue will be addressed in our consideration of DOT's arguments.

activities for which it is regularly used, intended to be used or reasonably foreseen to be used. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989). *See also Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992).

The Parents have alleged that an improperly located culvert headwall was a direct cause of the accident. They assert that the headwall was an unnecessary obstruction which caused Tacka to lose control of his vehicle and that the headwall should have been marked with a reflective sign. If the Parents can establish that the culvert headwall made Route 880 unsafe for the activities for which it is regularly used, then they would have a cause of action against DOT at common law.[5]

Addressing the issue of whether the Parents would have a cause of action against DOT as a joint tortfeasor, given Tacka's contributing conduct in attempting to pass Bower's vehicle, our Supreme Court's ruling in *Powell v. Drumheller*, 539 Pa. 484, 653 A.2d 619 (1995) is controlling. In *Powell*, our Supreme Court reviewed the issue of whether the criminally negligent conduct of a codefendant was a superseding cause relieving DOT of liability for negligently designing a Commonwealth highway. The court held that DOT was not relieved from liability simply because another concurring cause was also responsible for producing injury.

Our Supreme Court concluded in *Powell* that the court of common pleas had erred in dismissing DOT from the action and stated that the case should proceed to a jury to determine whether DOT's alleged negligence was a substantial factor in causing the accident. It held that it was for the jury to determine whether the actions of the codefendant were so extraordinary as to be unforeseeable to DOT when designing a highway. The Supreme Court stated that it could not conclude with certainty that no recovery against DOT was possible.

Applying the Supreme Court's holding in *Powell* to this case, we conclude that the trial court did not err in denying DOT's motion for summary judgment. It is for a jury to determine whether Tacka's actions in attempting to pass Bower's vehicle were so extraordinary as to have been unforeseeable to DOT, thus absolving DOT of all liability. If a jury were to determine that Tacka's actions were extraordinary and unforeseeable to DOT, then the Parents would not have a cause of action against DOT. On the other hand, if a jury were to determine that Tacka's actions were not extraordinary and were foreseeable to DOT, then DOT could be jointly liable with Tacka and the Parents could continue to maintain their action against DOT.

Since the Parents could maintain an action at common law against DOT and thus have met the first prong of the two requirements set forth in section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, we must next determine whether the alleged injuries fall within one of the exceptions to sovereign immunity.

Pursuant to section 8521 of the Act,[6] DOT, as a Commonwealth party,[7] is immune from suit except in those instances set forth in section 8522 of the Code, 42 Pa.C.S. § 8522. The real estate exception states that liability may be imposed on the Commonwealth for damages caused by "[a] dangerous condition of Commonwealth agency real estate ... including ... highways under the jurisdiction

---

**5.** As to whether the Parents would have a cause of action against DOT for the violation of a statutory duty (without DOT having the availability of the sovereign immunity defense), DOT only has a general statutory duty to maintain and repair all roads and highways under its jurisdiction. *See* section 407 of the State Highway Law, Act of June 1, 1945, P.L. 1242, 36 P.S. § 670–407 and section 2002 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. § 512(a)(8).

**6.** 42 Pa.C.S. § 8521. Section 8521 states in pertinent part:

(a) **General rule.**—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

**7.** Pursuant to section 8501 of the Code, a Commonwealth party is "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501.

of a Commonwealth agency." 42 Pa.C.S. § 8522(b)(4).

■ Our Supreme Court has stated that, since the General Assembly intended to exempt the Commonwealth from immunity only in specific clearly defined situations, the real estate exception to the Act must be strictly construed so as to uphold legislative intent and insulate the Commonwealth and its political subdivisions from tort liability. *Snyder.* It has held that in order for the real estate exception to apply, the dangerous condition must derive from, originate from or have as its source the Commonwealth realty. *Id.* at 433, 562 A.2d at 311. The real estate exception will only apply where it is alleged that an artificial condition or defect of the land itself *caused* an injury to occur, and not merely where it "facilitated" injury by the acts of others. *Snyder; Byard v. Philadelphia Housing Authority,* 157 Pa.Commonwealth Ct. 269, 629 A.2d 283, *petition for allowance of appeal denied,* 536 Pa. 618, 637 A.2d 278 (1993). Our Supreme Court has held that the question of what constitutes a dangerous condition is one of fact, not law, and is to be decided by the fact finder.[8] *Bendas.*

Because the fact finder is to determine whether a dangerous condition existed on Route 880 at the site of the accident, as well as whether Tacka's actions in attempting to pass Bower's vehicle were unforeseeable, the decision of the trial court denying DOT's motion for summary judgment is affirmed.

### ORDER

NOW, this 7th day of July, 1995, the order of the Court of Common Pleas of Clinton County, dated June 17, 1994, at No. 428–92, is affirmed.

---

**8.** The court also noted that "[n]othing in this Opinion is intended to preclude a court from entering judgment in those cases where the facts establish as a matter of law that a dangerous condition did not exist." *Bendas,* 531 Pa. at 185 n. 6, 611 A.2d at 1187 n. 6.