Robert TATE, as Administrator of
the Estate of Joshua J. Tate

v.

COMMONWEALTH of Pennsylvania,
Department of Transportation

v.

Kimberly Watt and Mehgan J. Cook,
Administratrix of the Estate of
Louis H. Young, IV, Deceased.

Daniel DeMarco, as Administrator of
the Estate of Jessica J. DeMarco, his
wife, and Daniel DeMarco, an individ-
ual on his own behalf

v.

Commonwealth of Pennsylvania,
Department of Transportation.

Donna Atkinson, Administrator of
the Estate of Bryan Atkinson

v.

Commonwealth of Pennsylvania, De-
partment of Transportation and Kim-
berly Watt and Mehgan Cook as Co–
Administratrix of the Estate of Louis
H. Young, IV.

Kimberly Watt and Mehgan J. Cook, as
Co–Administratrix of the Estate of
Louis H. Young, IV

v.

Commonwealth of Pennsylvania,
Department of Transportation,
Appellant.

Robert Tate, as Administrator of
the Estate of Joshua J. Tate

v.

Commonwealth of Pennsylvania,
Department of Transportation

v.

Kimberly Watt and Mehgan J. Cook,
Administratrix of the Estate of

Louis H. Young, IV, Deceased.

Daniel DeMarco, as Administrator of
the Estate of Jessica J. DeMarco, his
wife, and Daniel DeMarco, an individ-
ual on his own behalf

v.

Commonwealth of Pennsylvania,
Department of Transportation.

Donna Atkinson, Administrator of
the Estate of Bryan Atkinson

v.

Commonwealth of Pennsylvania, De-
partment of Transportation and Kim-
berly Watt and Mehgan J. Cook as
Co–Administratrix of the Estate of
Louis H. Young, IV.

Kimberly Watt and Mehgan J. Cook as
Co–Administratrix of the Estate of
Louis H. Young, IV

v.

Commonwealth of Pennsylvania,
Department of Transportation,
Appellant.

Commonwealth Court of Pennsylvania.

Argued Nov. 12, 2013.

Decided Jan. 22, 2014.

Kemal A. Mericli, Senior Deputy Attorney General, Pittsburgh, for appellant Department of Transportation.

Henry B. Bier, Pittsburgh, for appellees Daniel DeMarco and Estate of Jessica J. DeMarco.

Steven R. Kmett, Norristown, for appellees Donna Atkinson and Estate of Brian Atkinson.

Keith R. McMillen, Aliquippa, for appellees Robert Tate and Estate of Joshua J. Tate.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

The Commonwealth of Pennsylvania, Department of Transportation (PennDOT) appeals two orders of the Beaver County Court of Common Pleas (trial court). The first denied PennDOT's motion for summary judgment, and the second denied its post-trial motion for judgment notwithstanding the verdict. The jury entered a verdict against PennDOT for its negligent failure to install a traffic signal at an intersection of two state roads where numerous motor vehicle accidents had occurred. Accordingly, the jury held PennDOT liable in damages, in part, for a collision of two vehicles that resulted in several deaths. PennDOT argues that the trial court erred. PennDOT contends that because it had transferred responsibility for the installation of traffic control devices to the township where the accident occurred, it could not be held liable for their absence. PennDOT also contends that the excessive speed of one of the vehicles in the accident was a superseding cause of the accident, which relieved PennDOT of liability for whatever unsafe condition existed. We affirm the trial court.

On October 24, 2009, at approximately 11:42 p.m., two vehicles collided at the intersection of State Routes 51 and 168 in South Beaver Township, Beaver County. The first vehicle was a Dodge Neon operated by Louis Young, IV on Route 51 as it entered the intersection; Young's passengers were Bryan Atkinson and Joshua Tate.[1] The second vehicle was a Ford F-150 pickup operated by Daniel DeMarco on Route 168 as it entered the intersection; his wife, Jessica DeMarco, was a passenger. As the Ford pickup crossed Route 51, the Neon hit the passenger side of the truck. Young, Atkinson, Tate, and Jessica DeMarco were all killed in the accident. Daniel DeMarco survived but was seriously injured. It was estimated by PennDOT's expert that the Neon was traveling at 116 m.p.h. when the collision occurred.

Route 51 is a six-lane state road, with one lane in each direction designated as a turning lane. The speed limit on Route 51 is 55 m.p.h.; at the intersection with Route 168 the posted speed limit is 45 m.p.h. Route 168 is a two-lane state road with one lane of travel in each direction. The two roads do not intersect at right angles; rather, Route 168 jogs across Route 51 at a "skewed" angle of 48 to 50 degrees. At the time of the accident, there were stop signs on Route 168, but none on Route 51.

There had been 45 accidents, including several fatalities, in the decade before the accident at issue in this appeal. Because of this history, South Beaver Township officials and local residents had requested PennDOT to conduct a traffic study as the first step to the installation of a traffic signal at the intersection. PennDOT refused to do the study unless South Beaver Township committed to finance the installation of the traffic light.

Daniel DeMarco and the estates of Jessica DeMarco, Tate, Young and Atkinson (Plaintiffs)[2] all filed suit against PennDOT alleging that the absence of a traffic signal at the intersection was a substantial factor in causing the accident and that PennDOT had failed to maintain its roads in a safe manner. The trial court consolidated Plaintiffs' claims into one action, and PennDOT joined Young as a defendant. On

---

1. A factual dispute existed as to whether Young or Tate was driving the Neon. The jury determined that Young was the driver, and no party challenges that finding.

2. The executors of Young's estate have not appealed.

September 26, 2011, PennDOT moved for summary judgment, arguing it had no duty to install a traffic signal and, alternatively, the Neon's high rate of speed was the superseding cause of the accident. The trial court denied summary judgment. After hearing the evidence, the jury found Young 67% liable for the accident and PennDOT 33% liable. PennDOT filed a motion for post-trial relief, raising 31 issues and seeking judgment notwithstanding the verdict. The trial court denied PennDOT's motion.

In its appeal to this Court,[3] PennDOT raises two issues. First, PennDOT contends that it has adopted a regulation that transferred the duty to install traffic signals on state roads to local municipalities, in this case South Beaver Township. Therefore, it could not be held liable for the absence of a traffic signal at the intersection. Second, PennDOT argues, alternatively, that the Neon's excessive speed on Route 51 was the superseding cause of the accident.

To sustain a negligence claim, the plaintiff must show: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage. *Pyeritz v. Commonwealth,* 613 Pa. 80, 89, 32 A.3d 687, 692 (2011) (citation omitted). Generally, a Commonwealth agency such as PennDOT enjoys immunity from lawsuits, subject to several exceptions that are narrowly construed. 42 Pa.C.S. § 8522(a). The "real estate exception" to sovereign immunity provides that a Commonwealth agency is liable when there is "[a] dangerous condition of Commonwealth agency real estate and sidewalks, including ... highways under the jurisdiction of a Commonwealth agency." 42 Pa.C.S. § 8522(b)(4).[4]

In *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992), our Supreme Court addressed PennDOT's duty of care in a case that is factually similar to the case *sub judice.* In *Bendas,*

---

**3.** The standard of review of a trial court's denial of summary judgment is limited to deciding whether the court committed an error of law or abused its discretion. *Barra v. Rose Tree Media School District,* 858 A.2d 206, 214 (Pa.Cmwlth.2004). "Summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *In re Estate of Ross,* 815 A.2d 30, 34 n. 9 (Pa.Cmwlth.2002) (emphasis omitted).

The standard of review of a trial court's denial of a motion for judgment notwithstanding the verdict is limited to determining whether the trial court abused its discretion or committed an error of law. *Morewood Point Community Association v. Port Authority of Allegheny County,* 993 A.2d 323, 327 n. 2 (Pa.Cmwlth.2010). The reviewing court must consider the evidence in the light most favorable to the verdict winner and give that party every logical inference. *Id.*

**4.** Section 8522(b)(4) in its entirety states:

(b) Acts which may impose liability.—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

\* \* \*

(4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

42 Pa.C.S. § 8522(b)(4). The conditions described in paragraph 5 concern potholes, sinkholes and other natural elements, which are conditions not present in the instant case. 42 Pa.C.S. § 8522(b)(5).

a vehicular accident occurred at the intersection of a state highway and a township road. At the time of the accident there were neither traffic control devices nor signs on either road. Both drivers filed suit against PennDOT, claiming that it had either negligently failed to erect traffic control devices at the intersection or failed to otherwise correct a dangerous condition. PennDOT moved for summary judgment, arguing that it did not owe a duty of care to the plaintiffs. The trial court denied the motion, and this Court affirmed.

On appeal, the Supreme Court identified two issues: first, whether PennDOT has a duty to make state roads safe for their intended purpose and, second, whether PennDOT's failure to satisfy that duty is actionable under an exception to sovereign immunity. Citing *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), the Court held that PennDOT owed a duty of care.[5] Turning to the relevant immunity exception at 42 Pa.C.S. § 8522(b)(4), the Supreme Court held that the question of what is or is not a "dangerous condition" of a highway is one of fact that "must be answered by the jury." *Bendas*, 531 Pa. at 185, 611 A.2d at 1187. Accordingly, the Court affirmed the trial court's refusal to grant summary judgment to PennDOT.

The Vehicle Code grants authority to both PennDOT and local municipalities to install traffic signals and other traffic control devices on state roads. 75 Pa.C.S. § 6122(a).[6] However, a municipality must obtain approval from PennDOT before it installs a traffic control device on a state highway. 75 Pa.C.S. § 6122(a)(1). By contrast, PennDOT does not need authorization from a municipality to install "stop signs, yield signs or other official traffic-control devices." 75 Pa.C.S. § 6124.

Under authority of Sections 6122 and 6124, PennDOT has adopted a regulation that makes "local authorities" responsible for the installation of traffic signs. Its regulation states, in relevant part, as follows:

(a) *Authority to erect traffic-control devices.* The delegation of responsibilities for the installation and maintenance of traffic-control devices is in accordance with 75 Pa.C.S. §§ 6122 and 6124 (relating to authority to erect traffic-control devices; and erection of traffic-control devices at intersections).

(b) *Traffic-control devices on State-designated highways.*

   (1) *Conventional highways.*

*    *    *

   (v) Local authorities, or other agencies as indicated, are responsible for installing, maintaining and operating the following traffic-control de-

---

**5.** In *Snyder,* our Supreme Court construed Section 8522(b)(4) to mean that PennDOT must maintain a state highway in a condition that is "safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used." *Snyder,* 522 Pa. at 435, 562 A.2d at 312.

**6.** Section 6122(a) states:
(a) General rule.—*The department on State-designated highways and local authorities on any highway within their boundaries may erect official traffic-control devices,* which shall be installed and maintained in conformance with the manual and regulations published by the department upon all high-

ways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic.
(1) Local authorities shall obtain approval of the department prior to erecting an official traffic-control device on a State-designated highway except where department regulations provide otherwise.
(2) Local authorities shall obtain approval of the department prior to erecting any traffic signal except in a municipality with a traffic engineer qualified in accordance with department regulations.
75 Pa.C.S. § 6122(a) (emphasis added).

vices, subject to Department approval prior to any change in the traffic restriction:

(A) Traffic signals, and all associated signs and markings included on the Department-approved traffic signal plan.

67 Pa.Code § 212.5 (italics in original). PennDOT argues that it cannot be held liable for accidents where the absence of a traffic signal device has made the state highway unsafe because its regulation has transferred responsibility for traffic signals to municipalities.

The trial court held that the regulation did not relieve PennDOT of its duty to maintain a state highway in a "safe" condition. PennDOT argues that this was error because the regulation supersedes the "labored" analysis in *Bendas*.[7] PennDOT Brief at 21. Plaintiffs counter that the regulation does not affect the outcome of the present case because PennDOT's duty extends beyond the installation of traffic signals. It has a duty to make state roads safe, and this duty cannot be delegated by a regulation. Plaintiffs argue the key question is not whether PennDOT had a duty to install a traffic signal but whether the intersection in question constituted a dangerous condition, rendering each state road not safe for its intended purpose.

■ We agree with PennDOT that the Vehicle Code does not require it to install traffic control devices. *See Bendas,*

531 Pa. at 183 n. 2, 611 A.2d at 1185–86 n. 2 (noting that "the clear language of [75 Pa.C.S. §§ 6122 and 6124] is discretionary, and no duty can be derived from the statute."). PennDOT is also correct that the regulation at 67 Pa.Code § 212.5 shifts the financial responsibility for installing traffic signals onto local municipalities. However, the regulation did not abrogate *Bendas,* which reaffirmed that PennDOT has a duty to ensure that its highways are safe for their reasonably foreseen uses. Indeed, no agency can, by regulation, relieve itself of a duty of care or expand its own sovereign immunity beyond the scope allowed by the legislature.

■ In summary, the failure to remedy a dangerous condition amounts to a breach of PennDOT's duty of care. *McCalla v. Mura,* 538 Pa. 527, 532, 649 A.2d 646, 649 (1994) (plurality opinion). The determination of what constitutes a dangerous condition is a question of fact for the jury. *Bendas,* 531 Pa. at 185, 611 A.2d at 1187. Here, Plaintiffs introduced evidence sufficient for a jury to find that the intersection of State Routes 51 and 168 was a dangerous condition due to the design of the intersection and the absence of a traffic signal. The jury so found. The trial court did not err in denying PennDOT's motion for judgment notwithstanding the verdict.[8]

■ In its next argument, PennDOT contends that Young's operation of the Neon at 116 m.p.h. was reckless and con-

---

7. On November 6, 2013, PennDOT filed a Motion to Supplement the Reproduced Record with pleadings from a second action filed by Daniel DeMarco against South Beaver Township. *DeMarco v. South Beaver Township,* Case No. GD–11–02 1967 (Beaver County Court of Common Pleas). In the second action, DeMarco seeks to hold South Beaver Township liable based on 67 Pa.Code § 212.5. The trial court denied the Township's preliminary objections in the nature of a motion to dismiss. PennDOT argues that DeMarco's action will lead to a contradictory result be-

tween the two cases. DeMarco responds that the action against the Township was filed to toll the statute of limitations in the event PennDOT prevails in this appeal on its theory the Township had a duty to install a traffic control device at the intersection. We deny PennDOT's Motion to Supplement the Reproduced Record as moot.

8. We do not reach Plaintiffs' alternative arguments regarding the validity of the regulation, the availability of other relief, estoppel, or waiver because we agree with the trial court

stituted an unforeseeable use of the highway. Because it was unforeseeable, PennDOT argues that the Neon's speed constitutes a superseding cause, relieving PennDOT of liability. Plaintiffs counter that our Supreme Court has held that whether a dangerous condition exists is a question of fact for the jury to decide. *Bendas,* 531 Pa. at 185, 611 A.2d at 1187. Further, even a criminal or negligent act of a third party, such as speeding, does not absolve a defendant from liability if the act was foreseeable. *See Powell v. Drumheller,* 539 Pa. 484, 495, 653 A.2d 619, 624 (1995) (stating that not all violations of a criminal statute constitute a superseding cause; rather, the focus is on "whether the act was so extraordinary as not to be reasonably foreseeable"). Plaintiffs assert that PennDOT was not entitled to summary judgment because it is foreseeable that vehicles will speed and, in any case, foreseeability was a question of fact for the jury to decide. *Bendas,* 531 Pa. at 185, 611 A.2d at 1187. We agree.

Plaintiffs' expert, Ronald Eck, testified that speeding was a common problem at the intersection of Routes 168 and 51 and that there had been 45 motor vehicle accidents over a ten-year period. This evidence created a question of fact for the jury as to whether a fatal accident at this intersection involving a speeding vehicle (regardless of its actual speed) was foreseeable. Accordingly, summary judgment was inappropriate.

For all of these reasons, we affirm the trial court's orders denying PennDOT's motion for summary judgment and post-trial motion for judgment notwithstanding the verdict.

### ORDER

AND NOW, this 22nd day of January, 2014, the orders of the Beaver County Court of Common Pleas dated December 15, 2011, and February 8, 2013 denying the Pennsylvania Department of Transportation's motion for summary judgment and post-trial motion for judgment notwithstanding the verdict in the above-captioned matters are hereby AFFIRMED and the Department's motion to supplement the reproduced record is DENIED.

that PennDOT owes a duty to maintain safe roadways, regardless of the regulation.