# Marshall v. Wilson

C.P. of Greene County, A.D. No. 300, 2012

NALITZ, *J.*, May 14, 2014—The Commonwealth of Pennsylvania, Department of Transportation (PennDOT or Department) has moved for summary judgment based on sovereign immunity, 42 Pa. C.S. §8522.

On February 3, 2012, plaintiffs decedent, William C. Marshall, parked his vehicle in a parking lot across from the Graysville General Store in the village of Graysville in Gray Township, Greene County. The store is at the intersection of Main Street, State Route 4007, which runs mainly east-west, and Stringtown Road, State Route 4015, which runs mainly north-south. As decedent walked to the store across Main Street, he was tragically struck and killed by a vehicle operated by Nathan D. Wilson, which had been proceeding south on Stringtown Road

and then turned left, or east, onto Main Street immediately before striking decedent. Letters of administration were granted to his widow, Stacey Lynn Marshall, plaintiff, and she brought this action against Wilson and PennDOT on behalf of the estate, decedent's three minor children as their guardian and herself. The complaint alleges that the configuration and the co-location of the intersection with the store and the parking lot where decedent had parked created a dangerous condition of Commonwealth real estate and that PennDOT should have installed a marked crosswalk or some other kind of traffic control device. The complaint further alleges that PennDOT had adequate notice of the dangerous condition.[1]

PennDOT answered and raised new matter including the affirmative defense of sovereign immunity. Discovery followed. PennDOT has now moved for summary judgment.

Generally, the Commonwealth and its agencies are immune from suit, but the general assembly has waived that immunity, in certain situations. 42 Pa. C.S. §8522. To be successful, the cause of action must be one where damages would be recoverable under the common law and it must fit into one of nine exceptions listed in the statute. Specifically, in this kind of suit, plaintiff must allege that the Commonwealth or its agency is liable under §8522(b)(4):

[The general assembly waives immunity in the case of...]

---

1. The complaint indicated PennDOT for a lack of adequate lighting of the intersection. PennDOT's preliminary objections to this claim were sustained.

Commonwealth real estate, highways and sidewalks — A dangerous condition of Commonwealth agency real estate and sidewalks including...highways under the jurisdiction of a Commonwealth agency....

A motion for summary judgment will be granted where the pleadings and discovery demonstrate that there is no genuine issue of any material fact as to a necessary element of the cause of action or defense and the moving party is entitled to judgment as a matter of law, or if an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issue to be submitted to a jury. When such a motion is made, the opposing party may not rest upon the allegations in the pleadings, but must point to specific places in the record that show there are genuine issues for a trier of fact. Pa. R.C.P. 1035.2, 1035.3.

To determine whether the real estate exception to sovereign immunity applies, a court must consider whether the allegedly dangerous condition must derive, originate from, or have its source in the Commonwealth realty. *Snyder v. Harmon*, 562 A.2d 307 (Pa. 1989). The real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes injury, not merely when it facilitates injury by acts of others. *Id.* The duty of care that a Commonwealth agency owes to those using its real estate requires that the condition of the property be safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used. *Id.* Whether or not the duty exists is a question of law. *Id.*

Here, plaintiff argues that the lack of a marked crosswalk

between the parking lot on one side of Main Street and the store on the other constitutes a dangerous condition. We do not agree for the reasons that follow.

This case is identical to *Sloneker v. Maitin*, 604 A.2d 751 (Pa. Cmwlth. 1991). In that case, the plaintiff's decedent was struck and killed by a motorist as he walked across Route 40 from a tavern to his car parked on the other side of the road. Plaintiff, decedent's widow and administrix, sued the townships of South Strabane and Amwell, the boundary of which was the center line of Route 40. The townships joined PennDOT. The plaintiff alleged that negligence consisted of the failure to illuminate the area and the failure to erect signs or signals to alert pedestrians in the vehicular traffic of the potential hazard. The township and PennDOT moved for summary judgment raising the defenses of governmental and sovereign immunity respectively. The trial court granted the motions and plaintiff appealed.

Commonwealth Court first considered that the first burden for any plaintiff bringing a tort action against a governmental entity is to show that she possesses an action at common law or a statutory cause of action. To state an action for negligence, a plaintiff must that the defendant owed a duty of care to plaintiff, that the defendant breached that duty, that the breach caused the injury, and that the plaintiff suffered actual harm. *Krentz v. Conrail, supra.* [910 A.2d 20 (Pa. 2006)] The existence of the duty is a question of law. *Id.* In *Sloneker*, the court ruled that neither the townships nor PennDOT had any duty at common law to erect or install traffic control signals or devices, so therefore any duty must be statutory. The statute which authorizes PennDOT to do so, 75 Pa. C.S. §6122, is discretionary, not mandatory, and imposes

no duty to act. Because the plaintiff failed to establish a duty and therefore a cause of action, the court affirmed the trial court's grant of summary judgment.

In this case, it seems to be plaintiffs position that *Sloneker v. Martin, supra,* was overruled *sub silentio* by *Bendas v. White Deer Township,* 611 A.2d 1184 (Pa. 1993). In *Bendas,* the plaintiff was injured in a motor vehicle accident at the intersection of a township road and a state road. No traffic signals or signs controlled the intersection. The speed limit on the state road was 50 miles per hour. Both drivers sued PennDOT. The theory of the case was that the department had negligently failed to erect traffic control devices, and that the failure to do so, or to do anything to make the intersection safer, created a dangerous condition. The trial court denied PennDOT's motion for summary judgment and Commonwealth Court affirmed. PennDOT appealed. Our Supreme Court considered that the resolution of the issue involved answering two questions: first, does the Commonwealth have a duty to make its highways safe for their intended purpose; and second, is a failure of a Commonwealth agency to exercise that duty actionable and an exception to the Sovereign Immunity Act? *Id.,* at 1186.

The court resolved the first issue in *Bendas* by reference to *Snyder v. Harmon, supra,* i.e., the duty of care that the Commonwealth owes to those using its real estate is to require that the property be safe for the purposes for which it is regularly used. The second issue to be resolved is whether a dangerous condition of the Commonwealth realty, in this case a highway, was a factual cause of the harm. The second question is a question of fact for the jury.

This is the same two step analysis conducted by

Commonwealth Court in *Hall v. Acme Markets Inc.*, 532 A.2d 894 (Pa. Cmwlth. 1987). "The question of whether 'a dangerous condition' exists arises only after it has been determined that suit is allowed under the exceptions of the Sovereign Immunity Act found in 42 Pa. C.S. §8522. The determination of whether a suit is barred by official or sovereign immunity is solely a matter of law."

Although *Bendas* seems to take the view that the absence of traffic signals standing alone could be considered a dangerous condition, that position was clarified in *Starr v. Veneziano*, 747 A.2d 867 (Pa. 2000). Starr was seriously injured when she attempted to make a left turn as she emerged from a township road onto a four-lane state highway. She filed a suit against the driver, his employer, the township and PennDOT. The case went to trial and the jury awarded verdicts against both PennDOT and the township (The other defendants settled). The township appealed and Commonwealth Court affirmed. The Supreme Court allowed an appeal "to clarify the appropriateness and scope" of the liability of a township to erect a traffic control device. The court observed that in *Bendas*, *Supra*, it had found a duty on the part of the Commonwealth to install appropriate traffic signals at an intersection would cause a dangerous condition. It then observed that there is "no principled basis upon which to distinguish PennDOT's duty to install appropriate traffic control devices from a municipality's responsibilities." The court recognized that precedent established that government entities have a duty to make their highways reasonably safe for their intended purpose, and the question of what is or is not a dangerous condition must be answered by a jury. However, that precedent, *McCalla v. Mura*, 649 A.2d 646 (Pa. 1994) did not establish what

traffic control measures should be undertaken to discharge that duty. Therefore, in order for a plaintiff to establish the duty of care on the part of a government entity, "a plaintiff must demonstrate that: 1) the [government entity] had actual or constructive notice of the dangerous condition that caused the plaintiffs injuries; 2) the pertinent device would have constituted an appropriate remedial measure; and 3) the [government entity's] authority was such that it can be fairly charged with the failure to install the device."

Here, even assuming PennDOT had notice of the allegedly dangerous pedestrian crossing in Graysville because it issued the permit for the parking lot,[2] plaintiff has fallen short of her burden to establish the second requirement. She must demonstrate that the relevant control would have constituted a proper and effective measure to mitigate the hazard at the Graysville Store. Because the vehicle code itself directs the Commonwealth and municipalities to install traffic control devices only after a traffic and engineering investigation that a particular device or signal is an appropriate means of regulating traffic, 75 Pa. C.S. §§6105, 6109(e), and 6122(b); 67 Pa. C.S. §§201, 211.5, and because no such investigation was shown here, plaintiff has failed in her burden to establish a duty. To be sure, this is not an easy burden, because normally it will require an expert's opinion. *Id.*

A few months later the Supreme Court revisited *Bendas* in *Dean v. PennDOT*, 751 A.2d 1130 (Pa. 2000). Dean was a passenger in a motor vehicle that slid on a snow covered highway and plunged down a steep hill, causing her serious injury. She filed suit alleging that

---

2. By statute, PennDOT may not be held liable for negligent issuance of a driveway permit. 35 Pa.C.S. § 7210.502(b)(4)(i).

the Commonwealth was negligent in failing to shield the motoring public from the steep hillside by installing a guardrail. After discovery, PennDOT moved for summary judgment, which was denied by the trial court relying on *Bendas, supra,* concluding that whether a dangerous condition existed was a question for the jury.

PennDOT filed a second motion for summary judgment in reliance on *Rothermel v. PennDOT,* 672 A.2d 837 (Pa. Cmwlth. 1996). In *Rothermel,* a car slid off an ice covered highway and down a steep hill, striking a tree with sufficient force to kill both occupants. A wrongful death action was brought, alleging that PennDOT was negligent for permitting an unnatural accumulation of snow and ice and for failure to construct a guardrail. PennDOT pled the Sovereign Immunity Act as a defense. The trial court reasoned that the issue was not whether a dangerous condition existed, but whether PennDOT would be liable for such a condition as a defect originating from Commonwealth realty. Because there was no allegation that the road itself was defective, PennDOT was immune from liability for the absence of a guardrail.

The *Dean* trial court agreed that *Rothermel* controlled and so granted PennDOT's motion for summary judgment. Plaintiff appealed, and the Commonwealth Court, *en banc,* expressly overruled *Rothermel,* also *en banc* decision, decided only two years earlier. *Dean v. PennDOT,* 718 A.2d 374 (Pa. Cmwlth 1998). In *Dean* the Commonwealth Court held that the Sovereign Immunity statue "waives immunity based on *damages* caused by a dangerous condition and is not based on the cause of the *accident.*" [Emphases in original]. Commonwealth Court found this interpretation of the Sovereign Immunity statue consistent with traditional principles of negligence

law which hold that there can be two or more proximate causes of injury in a negligence action. It held that even if PennDOT was immune for claims for injury caused by the snow covered road, it could be found liable if the trier of fact found that the lack of a guardrail was a proximate cause of the injury. Commonwealth Court reversed the grant of summary judgment. PennDOT appealed.

In *Dean v. PennDOT, supra,* the Supreme Court reviewed the holding in *Snyder v. Harmon, supra,* that the Commonwealth's duty of care to those using its real estate is to provide property that is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used. "Applying this law to the instant case, we conclude that the Commonwealth's failure to erect a guardrail on a highway is not encompassed by the real estate exception to sovereign immunity.... [T]he absence of a guardrail cannot be said to be a dangerous condition of the real estate that resulted in the reasonably foreseeable injury to [Dean]. Stated differently, the lack of a guardrail does not render the highway unsafe for the purposes for which it was intended, i.e., travel on the roadway" *Dean, id.* at 1134. Here, the lack of a marked crosswalk does not render the highway unsafe for the purpose for which it was intended, i.e., travel on the roadway, either by vehicle or on foot. Just as the lack of guardrail, which if it existed would arguably could make the highway safer, does not mean that the highway is dangerous, so the lack of a marked crosswalk, does not make a highway dangerous or create a "dangerous condition." The presence of a parking lot just off the highway likewise does not create a dangerous condition, as the waiver of immunity for Commonwealth real estate only applies to the paved cartway, *Bubba v. PennDOT,* 61 A.3d 313 (Pa. Cmwlth. 2013).

Because we know that the exceptions to sovereign immunity are to be narrowly construed, *Finn v. City of Philadelphia*, 664 A.2d 1342 (Pa. 1995), and for the reasons set forth above, we will enter summary judgment for PennDOT.

## ORDER

And now, this 14th day of May, 2014, for the reasons set forth in the attached opinion, the court grants the motion for summary judgment of the Commonwealth of Pennsylvania, Department of Transportation and dismisses it from this case.