**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

18-2548
_____

ROD SLAPPY-SUTTON, JEAN SUTTON, H/W,

Appellants

v.

SPEEDWAY LLC
_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2:16-cv-04765)
Honorable Jan E. DuBois, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2019

Before: SHWARTZ, KRAUSE and BIBAS, *Circuit Judges*

(Opinion filed: March 25, 2019)
_____

**OPINION**[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Plaintiffs-Appellants Rod Slappy-Sutton and Jean Sutton challenge the District Court's entry of summary judgment in favor of Defendant-Appellee Speedway LLC. Because we find there are genuine disputes of material fact, we will reverse.

## I.      Background

On a winter evening in January 2016, after refueling his vehicle, Slappy-Sutton went inside a Speedway convenience store to purchase snacks. After exiting the store, he crossed the sidewalk, but when he reached the end of the sidewalk, he failed to perceive the drop down to the ground below. As a result, he stepped forward with the expectation that his foot would encounter more sidewalk, but his foot instead traveled six inches down, and he fell. According to Slappy-Sutton, the end of the sidewalk was imperceptible due to a one-foot-wide concrete apron that was nearly identical in color to and abutted the sidewalk. That concrete apron was added by Speedway in 2015 to fill a trench, which was dug as part of an upgrade to the underground gas tank monitoring system. Prior to the addition of the concrete apron, the asphalt that covers the rest of the lot came all the way up to the sidewalk.

Because of his slip, Slappy-Sutton suffered physical, economic, and emotional damages. He, along with his wife, sued Speedway in state court for negligence and loss of consortium. Speedway removed the suit to the Eastern District of Pennsylvania. Following discovery, the District Court granted Speedway's motion for summary judgment, finding that the similarity in color between the sidewalk and concrete apron did not create a dangerous condition, and that, if it did create a dangerous condition, it

2

was open and obvious, such that Speedway was not liable for Plaintiffs' injuries. This timely appeal followed.

## II.     Discussion[1]

On appeal, Appellants argue that the District Court erred by entering summary judgment because genuine disputes of material fact exist as to whether the sidewalk was a dangerous condition, and, if it was, whether it was open and obvious. We review the District Court's grant of summary judgment de novo. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015). To prevail at this stage, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Under Pennsylvania law, "[p]ossessors of land owe a duty to protect invitees from foreseeable harm." *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). When an invitee suffers injuries due to a condition on a possessor's land, the possessor is liable for those injuries only if she: (1) knew of "or by the exercise of reasonable care would [have discovered] the condition" and "realize[d] that it involve[d] an unreasonable risk of harm" to the invitee; (2) should have expected that the invitee would "not discover or realize the danger, or [would] fail to protect [himself] against it"; and (3) "fail[ed] to exercise reasonable care to protect [the invitee] against the danger." *Id.* (quoting

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

3

Restatement (Second) of Torts § 343). Under this framework, if the condition causing the injury was "known or obvious" to the invitee, the possessor is not liable for the injuries caused unless she "should [have] anticipate[d] the harm despite such knowledge or obviousness." *Id.* (quoting Restatement (Second) of Torts § 343A).

"[T]he question of what is a dangerous condition is one of fact which must be answered by the jury." *Finn v. City of Philadelphia.*, 664 A.2d 1342, 1345 (Pa. 1995) (citing *Bendas v. Twp. of White Deer*, 611 A.2d 1184, 1187 (Pa. 1992)). Similarly, "the question of whether a danger was known or obvious is usually a question of fact for the jury." *Carrender*, 469 A.2d at 124. However, "the[se] question[s] may be decided by the court where reasonable minds could not differ as to the conclusion." *Id; see Bendas*, 611 A.2d at 1187 n.6.

Here, the parties are largely in agreement about the physical condition of the sidewalk and the basic facts surrounding Slappy-Sutton's fall. They disagree, however, about whether the sidewalk rose to the level of a dangerous condition, and, if so, whether that condition was open and obvious. The District Court found, and Speedway argues on appeal, that the sidewalk was one that "an invitee should normally expect to encounter," and that because Slappy-Sutton was able to ascend to the sidewalk safely, the sidewalk's condition was open and obvious. Appellee Br. 33 (quoting App. 8).

But our review of the record suggests these facts are in genuine dispute because Slappy-Sutton raised sufficient evidence before the District Court from which a reasonable jury could return a verdict in Plaintiffs' favor. For example, Slappy-Sutton testified that, in his experience, a sidewalk's end is usually perceptible because it either

4

clearly contrasts with the pavement below or is marked with paint, and that he had "never seen" a sidewalk like Speedway's. App. 120. He also testified repeatedly that the sidewalk's similarity in color to the concrete apron was the reason he perceived the sidewalk as wider than it actually was. And should the case proceed to trial, Slappy-Sutton is prepared to introduce expert testimony to support his contention that the sidewalk's condition was dangerous.

Furthermore, Slappy-Sutton's account is consistent with non-testimonial evidence, such as the surveillance camera footage, which captured the fall, and photographic evidence showing that the appearance of the sidewalk's edge varies with the angle from which it is viewed, the ambient lighting conditions, and the direction of travel, i.e., whether the viewer is entering or exiting the store. On this evidence, both the question of whether the sidewalk's condition was dangerous and whether that condition was open and obvious remain unresolved. Reasonable minds could differ, and as a result, these are "question[s] of fact for the jury." *Carrender*, 469 A.2d at 124.

## III. Conclusion

For the foregoing reasons, we will reverse the District Court's entry of summary judgment in favor of Speedway and remand the case for proceedings consistent with this opinion.